**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CHARLES G. REECE, | No. 12-16070 |
| Plaintiff - Appellant, | D.C. No. 2:10-cv-00203-JAM-EFB |
| v. | |
| D. K. SISTO, Warden; DON MIMIS, Plant Operation, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Submitted July 24, 2013[**]

Before:     ALARCÓN, CLIFTON, and CALLAHAN, Circuit Judges.

California state prisoner Charles G. Reece appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action for failure to exhaust

administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

§ 1997e(a).  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo, *Sapp v. Kimbrell*, 623 F.3d 813, 821 (9th Cir. 2010), and we reverse and remand.

The district court dismissed Reece's action because Reece did not exhaust administrative remedies at the second and final levels of review.  However, because Reece's grievance was fully granted at the first level of review, Reece "ha[d] no obligation to appeal from a grant of relief . . . in order to exhaust his administrative remedies."  *Harvey v. Jordan*, 605 F.3d 681, 685 (9th Cir. 2010).  Accordingly, we reverse and remand for further proceedings.

**REVERSED and REMANDED.**